# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

RECEIVED BY MAIL

OCT 0 5 2020

CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

Chester C. Graham,

**Court File No.**   20-cv-2116 PJS/ECW

     Plaintiff,

v.

DirecTV, LLC,

     Defendant.

---

## COMPLAINT

---

1.    This action is brought by a consumer seeking statutory damages against a telemarketer for violations of the Telephone Consumer Protection Act of 1991 ("TCPA") 47 U. S. C. § 227 and Regulations issued thereunder by the Federal COmmunications Commission ("FCC") and subsequent FCC rulings and Declaratory Orders.

2.    By 1991 consumer complaints about abuses of telephone technology and telemarketing "robocalls" prompted Congress to pass the TCPA.

3.    Senator Hollings, the TCPA's sponsor, described these calls as:

**The scourge of modern civilization. They wake us up in the morning; they interrupt our dinners at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.[1]**

---

[1] _Osirio v. State Farm Bank, F. S. B.,_ 746 F.3d 1242, 1255-56 (11th Cir. 2014) citing 137 Cong. Rec. 30821 (1991).



SCANNED
OCT 0 5 2020
U.S. DISTRICT COURT MPLS

1

4.     The FCC has recognized automated telephone calls are a greater nuisance and invasion of privacy than calls made by a live operator.

## JURISDICTION AND VENUE

5.     TCPA cases may be held in federal courts.[2]

6.     Venue is proper in this district because the acts and omissions complained of occurred in this district and the Plaintiff resides in this district.

## PLAINTIFF

7.     Plaintiff Chester C. Graham ("Plaintiff") is a senior adult and resided in Northfield, Minnesota, the County of Rice at all times relevant to this matter.

8.     Plaintiff owns a cell telephone with a number ending in 9014.

## DEFENDANT

9.     Defendant DirecTV, LLC ("Defendant") is a Delaware limited liability company located at 2260 East Imperial Highway, El Segundo, California 90245-3504 and 575 Morosgo Drive NE, Room 14f67 Atlanta, Georgia 30324-3300.

10.     Defendant's Minnesota registered agent is C T Corporation system, Inc., 1010 Dale Street North, St. Paul, Minnesota 55117-5603.

---

[2] *Mims v. Arrow Fin. Ser'vs., LLC*, 565 U.S. 368, 132 S. Ct. 740, 181 L. Ed. 881 (U. S. Sup. Ct. 2012).

11.   Defendant is a provider of subscription television service nationwide, including Minnesota.

12.   Defendant has a history of engaging in mass calling campaigns without obtaining the consent of the recipients of the calls.

13.   In 2005 Defendant paid a $5.3 million civil penalty to the Federal Trade Commission (FTC) for calls to numbers listed on the National Do Not Call Registry maintained by the FTC and again in 2009 Defendant paid $2.31 million to settle with the FTC for calling over 1,000,000 listed numbers.[3]

14.   Justia Dockets & Filings lists over 1,000 cases filed since 2004 against Defendant for alleged violations of consumer protection laws.

15.   As of August 2020 the Better Business Bureau (BBB) closed 53,495 complaints against the Defendant in the previous three years and 17,742 complaints in the previous 12 months.

16.   Defendant is a scofflaw and has determined that as long as violating the law is profitable the occasional litigation and fines are an acceptable cost of doing business.


**FACTS**

**DEFENDANT'S CALLS TO PLAINTIFF**

17.   Sunday, June 1, 2019 at 11:07 am, Friday, June 14, 2019 at 3:24 pm and Saturday, June 15, 2019 at 7:11 pm Defendant used an automatic

---

[3] FTC File No. 042-3039; Civ. No. SA CV 05-1211 and http://www/ftc.gov/opa/2005/12/directv.shim,

telephone dialing system ("ATDS") and an artificial or prerecorded voice to place a telemarketing  call Plaintiff's cell telephone.

18.    The caller ID feature of Plaintiff's cell telephone showed the number (409) 203-5844 for the June 1 call, (207) 352-2049 for the June 14 call and (965) 265-7773 for the June 15 call - all of which are so-called "spoof" numbers, which when called played a recording that said the numbers were "not recognized."

19.    When Plaintiff answered the calls he heard a recorded message making a sales pitch for him to subscribe to 33 channels with free movies for 3 months through Defendant's television subscription service.

20.    The Defendant's three calls harmed the Plaintiff, tied up his telephone, possibly blocking legitimate calls, depleted the battery of his telephone, were an invasion of privacy, a nuisance, an annoyance and wasted the Plaintiff's time.[4]

21.    Plaintiff will determine the mechanics of Defendant's use of an ATDS with discovery.

22.    The Plaintiff never provided the Defendant with the number of his cell telephone.

23.    The Defendant's use of an ATDS and an artificial and.or prerecorded voice was willful and knowing.

---

[4] See _Ung v. Universal Acceptance Corp._, 198 F. Supp.3d 1036, 1039 (D. Minn. 2016)(Kyle, J.) "The receipt of even one unwanted call is [generally] enough to clear Article III's low bar for a concrete injury." and _Sandusky Wellness Ctr., LLC v. Medtox Scientific, Inc._, 250 F. Supp.3d 354, 357 (D. Minn. 2017)"The 'vast majority' of post-Spokeo cases 'have concluded that the invasion of privacy, annoyance and wasted time associated with robocalls is sufficient to demonstrate concrete injury."

24.     Plaintiff does not have and never had an established business relationship with the Defendant as defined at 47 CFR ¶ 64.1200(f)(5).

25.     Plaintiff has never given Defendant express written consent, as defined at 47 CFR ¶ 64.1200(f)(8) to call him using an ATDS and an artificial and/or prerecorded voice to send him telemarketing messages.[5]

26.     Defendant is a telemarketer as defined at 47 CFR ¶ 64.1200(f)(11).

27.     Defendant's calls to Plaintiff were telemarketing messages as defined at 47 CFR ¶ 64.1200(f)(12).

28.     Defendant was engaged in telephone solicitation as defined at 47 CFR ¶ 64.1200(f)(14).

29.     Defendant's calls to Plaintiff were not made for religious, charitable or emergency reasons.

30.     Plaintiff is requesting statutory liquidated damages and is under no duty to mitigate damages.[6]

31.     The TCPA has a 4-year statute of limitations under 28 U.S.C. § 1658(a).

---

[5] "Once our written consent rules become effective . . .an entity will no longer be able to rely on non-written forms of express consent to make autodialed or prerecorded voice calls, and thus could be held liable for making such calls absent prior written consent." *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 227 FCC Rd. 1830, 1857 ¶ 68 (Feb. 20, 2012). This FCC Order took effect on Oct. 16, 2013. See *Soular v. Northern Tier Energy, LP*, Civil No. 15-CV-556 (SBN/LIB) U. S. Dist. Ct., D. Minn. Aug. 25, 2015. Also FCC *Enforcement Advisory*.

[6] See *Ross v. Garner Printing Co.*, 285 F.3d 2206,(8th Cir. 2002) and *Powell v. West Asset Management, Inc.*, 773 F. Supp.3d 761 (N. D. Ill. 2011).

32. The Defendant's three calls to Plaintiff knowingly and willfully using an ATDS and an artificial and/or prerecorded voice violated § 227(b)(1)(A)(iii)of the TCPA.

## PLAINTIFF'S REQUESTS FOR DEFENDANT'S POLICY

32. June 15, 2019, August 25, 2020 and again on September 10, 2020, Plaintiff sent letters to Defendant at both its El Segundo CA and Atlanta GA headquarters - a total of six (6) requests - requesting a copy of Defendant's policy regarding the National Do Not Call Registry maintained by the FTC.

33. All letters were sent by 1st Class U. S. Mail and the Plaintiff obtained a U. S. Postal Service Certificate of Mailing for each of the six letters.

34. To date Plaintiff has not received a copy of Defendant's policy and none of the six letters were returned to the Plaintiff by the U. S. Postal Service as undeliverable.

35. As Defendant is a sophisticated, experienced and knowledgeable telemarketer Defendant's failure to provide Plaintiff with its policy was willful and knowing.

36. Defendant's failure to promptly provide Plaintiff with a copy of its policy violated 47 CFR ¶ 64.1200(d)(1) of the Regulations promulgated by the FCC under the TCPSA and as such violated the TCPA pursuant to § 226(b)(3) of the TCPA six (6) times.

## COUNT ONE

37.    Plaintiff restates and incorporates by reference Paragraphs 1 - 37, *supra.*

38.    Defendant's three (3) calls to Plaintiff willfully and knowingly using an ATDS and an artificial and/or prerecorded voice violated § 227(b)(1)(A)(iii) of the TCPA three times and make Defendant liable for treble damages under § 227(b)(3) of the TCPA in the amount of $4,500.00.

## COUNT TWO

39.    Plaintiff restates and incorporates by reference Paragraphs 1 - 38, *supra.*

40.    Defendant's six (6) willful and knowing failures to promptly provide Plaintiff with a copy of its policy regarding the National Do Not Call Registry maintained by the FTC violated 47 CFR ¶ 64.1200(d)(1) of the Regulations promulgated by the FCC under the TCPA six (6) times and make Defendant liable for treble damages under § 227(b)(3) of the TCPA in the amount of $9,000.00.

## DEMAND FOR JUDGMENT

41.    Plaintiff Chester C. Graham respectfully requests an Order of this Court issuing a Judgment against Defendant DirecTV, LLC and in favor of Plaintiff Chester C. Graham in the amount of $13,500.00

Date: _____

_____

Chester C. Graham
Plaintiff and Attorney *pro se*
905 Forest Avenue - Apt. #214
Northfield MN 55057
Telephone: (507) 403-9014
chester474@gmail.com

## ACKNOWLEDGEMENT

The undersigned acknowledges that he may be assessed costs,

Disbursements, witness fees and attorney fees pursuant to Minn. Stat.

§ 519.211.

_____

Chester C. Graham